**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 11-5112**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

COREY EARL ARTIS,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Malcolm J. Howard, Senior District Judge.  (5:11-cr-00014-H-1)

———————————

Submitted:  November 30, 2012    Decided:  December 13, 2012

———————————

Before GREGORY, SHEDD, and WYNN, Circuit Judges.

———————————

Dismissed in part; affirmed in part by unpublished per curiam opinion.

———————————

Mary Jude Darrow, LAW OFFICE OF MARY JUDE DARROW, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corey Earl Artis pled guilty pursuant to a plea agreement to one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006). He was sentenced to fifty-two months' imprisonment, and has noted this appeal. Artis' attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but questioning whether the district court erred in denying Artis' motion to dismiss the indictment. Artis was advised of his right to file a pro se supplemental brief but has not done so. Upon our initial review of the appeal, we directed supplemental briefing regarding whether either of Artis' North Carolina convictions for eluding arrest with a motor vehicle qualifies as a crime of violence under U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(A) (2011). The Government has now moved to dismiss the appeal, asserting that Artis' plea agreement contained a waiver of the right to appeal his sentence. Artis opposes the motion. We grant the motion in part, affirm in part, and dismiss in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). Whether a defendant validly

2

waived his appeal rights is a question of law that we review de novo. Id. at 626. The validity of a waiver is assessed under the totality of the circumstances, id. at 627, but if the district court questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is generally found to be valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. General, 278 F.3d 389, 400-01 (4th Cir. 2002).

Our review of the record leads us to conclude that Artis knowingly and voluntarily waived the right to appeal a sentence, like the one imposed here, that is within the scope of the Guidelines range, and that the supplementally briefed issue is within the scope of that waiver. We therefore grant in part the Government's motion to dismiss, and dismiss the appeal of Artis' sentence.

The waiver does not preclude review of whether the district court erred in denying Artis' pro se motion to dismiss the indictment charging him as a felon in possession of a firearm. In reviewing the denial of a motion to dismiss an indictment, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Woolfolk, 399 F.3d 590, 594 (4th Cir. 2005).

In his pro se motion, Artis relied on our decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc) (holding that consideration of hypothetical aggravating factors and criminal history is inappropriate when determining whether prior offense constitutes felony). A review of Artis' criminal history reveals he was convicted of receiving stolen property of a value greater than $1000 in Delaware, in violation of Del. Code Ann. tit. 11 § 851.3, a Class G felony punishable by up to two years' imprisonment. Del. Code Ann. tit. 11 § 4205(b)(7). In view of this conviction, Artis is not entitled to relief under Simmons, and we find that the district court did not err in denying his pro se motion to dismiss the indictment.

The waiver provision also does not preclude our review of Artis' conviction pursuant to Anders. We have reviewed the entire record and have found no issues that are meritorious and outside the scope of the waiver. We therefore deny in part the Government's motion to dismiss and affirm Artis' conviction.

This court requires that counsel inform Artis, in writing, of his right to petition the Supreme Court of the United States for further review. If Artis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must

4

state that a copy thereof was served on Artis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>

5